UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:13-cr-00312-KJM |
| Plaintiff, | ORDER |
| v. | |
| Curtis Sanders, | |
| Defendant. | |

      Defendant Curtis Sanders first moved for compassionate release in June 2020, citing his vulnerability to COVID-19 due to his BMI of 33.5 and high blood pressure. *See* Mot., ECF No. 133. The court granted the motion on January 5, 2021, ending his incarceration and reducing Sanders' 196-month sentence by 99 months. *See* Am. Order, ECF No. 152; Am. J. and Commitment, ECF No. 153. Mr. Sanders soon violated the terms of his supervised release, and the court signed a warrant for his arrest on August 4, 2021. *See* Order, ECF No. 156. Later that month, the duty magistrate judge released Sanders from custody to enter a treatment program. *See* Order, ECF No. 162. After less than two weeks in the program, the program discharged Sanders after he tested positive for a controlled substance. *See* Order at 3, ECF No. 169. The court again issued an arrest warrant for Sanders in late September 2021. *See id.* at 6. Sanders eventually pled guilty to two of five charges of violation of supervised release terms, *see* Mins., ECF No. 175 (admitting charge two); Mins. ECF No. 179 (admitting charge three), and the court sentenced him to eleven

1

1    months on December 6, 2021, *see* Mins., ECF No. 185.  His projected release date is August 12,
2    2022.  *See* BOP Inmate Data at 3, Opp'n Ex. 1, ECF No. 217-1.

3            Sanders again moves for compassionate release, citing inadequate medical care for a work-related spinal injury and a heart attack that left his heart damaged.  *See generally* Mot., ECF No. 212.  In support, Sanders describes a large conspiracy by medical staff at Sacramento County Jail and FCI Mendota to deny him medical care.  *See, e.g.*, *id.* at 10 ("What is clear . . . is that at some point . . . a secretive decision was made to deny [Sanders] treatment.").  Where medical records contradict Sanders' version of events, Sanders submits the contradictions are simply part of the conspiracy.  *See* Reply at 2, ECF No. 219 (arguing omissions in medical records "is disturbing to say the least, because it seems to show a concerted effort by BOP to keep his complaints and its responses from being documented and later scrutinized").  Sanders does not submit declarations supporting his motion or his version of events.  Sanders argues he should be released immediately so he may be medically evaluated and treated.  *See generally* Mot.

14           The court finds Sanders has not demonstrated "extraordinary and compelling reasons" warranting early release from his current incarceration.  Sanders' motion is based principally on his counsel's opinions about the severity of his injuries and how medical professionals should address them; Sanders' counsel apparently formed these opinions based on various medical websites.  *See, e.g.*, *id.* at 8 (describing what medical staff "should have" done and citing to https://www.nhlbi.nih.gov/health/heart-tests).  For instance, Sanders' counsel repeatedly states, without evidentiary support, that Sanders suffered "permanent heart damage."  *See e.g.*, *id.*  Sanders' counsel also repeatedly asserts that Sanders requires immediate medical treatment to avoid additional permanent damage.  *See, e.g.*, *id.* at 9.  But, again, these assertions rest solely on counsel's own purported medical knowledge, bolstered only occasionally by on-line resources that are not independently verified.  Sanders has not met his burden of establishing "extraordinary and compelling reasons" warranting early release. *United States v. Mathews*, 557 F. Supp. 3d 1057, 1061 (E.D. Cal. 2021).

27   /////
28   /////

The court **denies** Sanders' motion for compassionate release. *Cf. United States v. Kennedy*, No. 19-3985, 2021 WL 4504473 (S.D. Cal. Oct. 1, 2021). Sanders is scheduled to be released very soon now, and he may seek appropriate medical care at that time.

The court **grants** the parties' requests to seal confidential medical documents, ECF Nos. 213 & 218. The court also **grants** Sanders' request, ECF No. 215, to seal exhibit E to his motion for compassionate release, ECF No. 212, to protect personal identifying information, subject to Sanders' counsel filing a properly redacted copy within seven days of this order.

This order resolves ECF Nos. 212, 213, 215 & 218.

IT IS SO ORDERED.

DATED: July 23, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE